[Civ. No. 20227.  First Dist., Div. One.  Dec. 1, 1961.]

NELL HENDRICKS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; SEIBERT L. SEFTON, Real Party in Interest.

Arthur Matin and Vernon W. Humber for Petitioner.

No appearance for Respondent.

A. Brooks Berlin for Real Party in Interest.

BRAY, P. J.—Petition for writ of prohibition to prohibit the superior court from paying out certain moneys deposited in court for payment of judgment in a personal injury action.

## QUESTION

Has the court in a personal injury action jurisdiction to foreclose an attorney's lien on the judgment in said action?

## RECORD

On April 5, 1956, petitioner, who had been injured in an automobile accident, executed in writing an attorney's contingent fee retainer agreement with Attorney Seibert L. Sefton, under which the attorney was to receive one-third of the amount recovered. Attorney Sefton filed suit in her behalf

to recover damages for her injuries. Thereafter petitioner terminated the agreement. Thereupon the attorney filed in the personal injury action a notice of his lien on any recovery. Petitioner then filed a declaratory relief action seeking to have the agreement declared void. (See *Hendricks* v. *Sefton* (1960) 180 Cal.App.2d 526 [4 Cal.Rptr. 218].) There the court held the agreement to be a valid one, that petitioner did not have sufficient cause for terminating it, and affirmed the judgment of the superior court which held that the attorney had a valid, enforceable lien for his fee upon any recovery in the personal injury action.

The personal injury action proceeded to trial, another attorney acting for petitioner. Judgment of $26,109.70 was recovered in favor of petitioner. The defendant in that action deposited in court the amount of the judgment. Thereafter Attorney Sefton moved the court in that action to allow him to withdraw the sum of $8,333.33. Petitioner opposed the motion, contending that the court had no power to determine the attorney's right to this money, and claiming that Sefton had breached the contract by refusing to advance the costs of the action as required by the contract. She also claimed that in any event, the attorney's fees should be computed on the balance remaining after the costs of the litigation were deducted from the amount of the recovery. The trial court nevertheless ordered that the sum of $8,333.33, which was one-third of the gross recovery, be paid over to the attorney.

### No Right to Foreclose Lien

Writ of prohibition is an appropriate remedy to arrest the proceedings of a court when those proceedings are without or in excess of jurisdiction and there is no plain, speedy and adequate remedy at law. (Code Civ. Proc., §§ 1102, 1103.) For the issuance of prohibition it is not necessary that there be a lack of jurisdiction over the subject matter or the parties in the fundamental sense, but only that there be a want or excess of the power of the court as defined by statutes or by rules developed and followed under the doctrine of stare decisis. (*City of Los Angeles* v. *Superior Court* (1959) 51 Cal.2d 423, 429 [333 P.2d 745].)

As Attorney Sefton was not a party in the original action any order or judgment therein giving him attorney's fees is in excess of jurisdiction. Such an order or judgment, if made, is void. (See Restatement, Judgments, § 93.) Thus the enforcement of his contractual lien necessarily requires

that he obtain his relief through an independent action in which petitioner may set up any defenses she may have, that were not adjudicated in 180 Cal.App.2d 526.

An attorney's contingent fee contract does not operate to transfer part of the cause of action to the attorney but only gives him a lien on his client's recovery. (*Fifield Manor v. Finston* (1960) 54 Cal.2d 632, 641 [7 Cal.Rptr. 377, 354 P.2d 1073].) He thus has no right to intervene in the main action. (*Marshank v. Superior Court* (1960) 180 Cal.App.2d 602, 605 [4 Cal.Rptr. 593]; *Fields v. Potts* (1956) 140 Cal. App.2d 697, 698 [295 P.2d 965].)

Compensation must be sought in an independent action by the attorney against the client, and not by application to the court in which the litigation is pending. (*Overell v. Overell* (1937) 18 Cal.App.2d 499 [64 P.2d 483]; *Davis v. Rudolph* (1947) 80 Cal.App.2d 397, 403-404 [181 P.2d 765].)

Respondent has cited no California cases contrary to those cited herein. The cases cited from other jurisdictions are not in point, as in those jurisdictions summary adjudication between the parties in the personal injury action is recognized because of enabling legislation or judicial decision.

Let the peremptory writ issue prohibiting respondent court from giving effect to its order authorizing payment to Attorney Sefton.

Tobriner, J., and Sullivan, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied January 24, 1962. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.