[No. A014979. First Dist., Div. One. July 11, 1984.]

GENEVA SPIRES, Plaintiff and Appellant, v.
AMERICAN BUS LINES, Defendant and Respondent;
ALLAN M. SCHUMAN et al., Claimants and Respondents.

---

**COUNSEL**

Benjamin O. Andersen for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Allan M. Schuman, in pro. per., for Claimant and Respondent Schuman.

No appearance for Claimant and Respondent Roberts.

OPINION

**NEWSOM, J.**—The instant appeal is from an order awarding attorney fees in a personal injury action and the denial of a motion to reconsider that order. During the course of litigation, appellant used numerous attorneys, three of whom now claim they are entitled to fees from the recovery. In relevant part the factual background is as follows.

Appellant was injured in an automobile accident on February 4, 1976. A complaint for personal injuries was filed on her behalf on May 20, 1976, by her original attorney of record, H. Greig Fowler. On April 27, 1977, appellant discharged Mr. Fowler and sought substitute counsel.

Appellant next retained respondent Trevor Roberts as counsel in April of 1977. But by February 1978, she had discharged Mr. Roberts in favor of the law firm of Axelrod, Blum and Lerch.

On March 19, 1979, appellant substituted respondent Allan M. Schuman as her attorney. Mr. Schuman represented appellant in her personal injury action until October 1980, pursuant to a 40 percent contingent fee agreement. At appellant's request, Mr. Schuman requested and was granted permission to withdraw as attorney of record on October 27, 1980. He thereafter filed an attorney's lien in the amount of $3,128.29, based upon time expended at an agreed hourly rate of $60.[1] Before his discharge, Mr. Schuman had received a settlement offer in the amount of $3,500 which was rejected.

The record does not indicate whether immediately after discharging Mr. Schuman appellant retained yet another attorney; but beginning in April of 1981, Benjamin Andersen apparently began counseling appellant at her request. No evidence of an employment contract or other attorney-client agreement between Andersen and appellant was introduced, however; nor does the record show Mr. Andersen's formal appearance in the case.

In any event, Andersen conferred with appellant, reviewed her file, and determined that, for various reasons, she would be well advised to settle, rather than try, the case. After confirming that a settlement offer was still open, Andersen convinced appellant to accept it. With the five-year dismissal period (Code Civ. Proc., § 583, subd. (b)) fast approaching, a conference was hastily called to work out the details of settlement.

---

[1] Apparently, the contingent fee arrangement between appellant and Mr. Schuman provided for fees to be paid in the event of his discharge quantum meruit, on an hourly basis.

At the settlement conference on May 18, 1981, Andersen appeared on behalf of appellant, who was personally present. Respondents Schuman and Roberts appeared as well, asserting their liens for attorney fees in the amounts, respectively, of $3,120 and $495. Defense counsel naturally refused to settle the case without a release of the liens, and, after some discussion, Schuman and Roberts thereupon assented to a release of their liens provided that the settlement amount would be placed in a trust account until the attorney fees issue was resolved by the court.

A hearing was scheduled for June 11, 1981. Because he was unable to attend the hearing, Andersen sent to the court and all interested parties a memorandum of points and authorities and a declaration in support of his request for attorney fees. In his declaration, Andersen detailed the sequence of events culminating in appellant's decision to accept the settlement, emphasizing his role in obtaining it. He had spent, he averred, 15.9 hours and $16.90 in costs in the personal injury action. His declaration and memorandum were hand-delivered to the trial court's clerk on the date of the hearing.

At the hearing, only attorneys Schuman and Roberts appeared. Following oral argument, the trial court awarded the 40 percent contingent fee as follows: $1,200 to Schuman and $200 to Roberts. Andersen was not awarded any attorney fees.

On June 17, 1981, Andersen filed a "Motion to Reconsider" the award of attorney fees, claiming that in his absence an erroneous order had been made. The motion requested that he be awarded a share of the contingent fee commensurate with the time he spent representing appellant in the injury action.

A hearing on the motion was held on July 7, 1981, with Andersen, Schuman and Roberts all present. Citing Andersen's failure to appear at the prior hearing as well as the absence of a showing that he was counsel of record for appellant, the trial court refused to modify its prior order allocating and awarding attorney fees.

■ Appellant claims that the court erred in declining to award him a share of the contingent fee. That ruling, he contends, violates the quantum meruit recovery rule announced by our high court in *Fracasse* v. *Brent* (1972) 6 Cal.3d 784 [100 Cal.Rptr. 385, 494 P.2d 9].

■ In *Fracasse,* the court held that an attorney employed under a contingent fee contract and discharged prior to the occurrence of the contingency is limited to quantum meruit recovery for the reasonable value of services rendered up to the time of discharge, rather than the full amount

of the agreed contingent fee. (*Fracasse, supra,* 6 Cal.3d 784, 791; see also *Siciliano* v. *Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745, 752 [133 Cal.Rptr. 376]; *Abrams & Fox, Inc.* v. *Briney* (1974) 39 Cal.App.3d 604, 609 [114 Cal.Rptr. 328].) The rule is based upon the premise that a client should not be forced to pay a discharged attorney the compensation called for in the contract, since that amount may reflect neither value received nor services performed and could result in double payment of fees first to the discharged and then to a new attorney. (*Fracasse, supra,* 6 Cal.3d at p. 791; *Abrams, supra,* 39 Cal.App.3d at p. 609.) The court explained: "[W]e find no injustice in a rule awarding a discharged attorney the reasonable value of the services he has rendered up to the time of discharge. In doing so, we preserve the client's right to discharge his attorney without undue restriction, and yet acknowledge the attorney's right to fair compensation for work performed." (*Fracasse, supra,* 6 Cal.3d at p. 791, fn. omitted.)

■ We agree with appellant that where, as here, the contingent fee is insufficient to meet the quantum meruit claims of both discharged and existing counsel, the proper application of the *Fracasse* rule is to use an appropriate pro rata formula which distributes the contingent fee among all discharged and existing attorneys in proportion to the time spent on the case by each. Such a formula insures that each attorney is compensated in accordance with work performed, as contemplated by *Fracasse,* while assuring that the client will not be forced to make a double payment of fees.

■ Respondents submit that Andersen's claim to a share of the contingent fee is defeated simply by his failure to prove an underlying retainer agreement. His declaration, they argue, merely established that appellant asked Andersen to act as her counsel on April 23, 1981; and details legal services he rendered after that date, without, however, either establishing that Andersen was appellant's record attorney or proving a contract with appellant employing him as counsel.

Absent proof of a retainer agreement, Andersen is of course precluded from recovering *on the contract.* But *Fracasse* teaches that distribution of a contingent fee to discharged and current counsel must be based upon a quantum meruit theory, (*Fracasse, supra,* 6 Cal.3d 784, 791.) for the reasonable value of services rendered rather than the amount due under a contract. (*Earhart* v. *William Low Co.* (1979) 25 Cal.3d 503, 515 [158 Cal.Rptr. 887, 600 P.2d 1344]; *Lawn* v. *Camino Heights, Inc.* (1971) 15 Cal.App.3d 973, 981-982 [93 Cal.Rptr. 621].) ■ In *Gray* v. *Whitmore* (1971) 17 Cal.App.3d 1, 24 [94 Cal.Rptr. 904], the court stated the rule as follows: "'Where one performs for another, with the other's knowledge, a useful service of a character usually charged for, and the latter expresses no dissent, or avails himself of the service, a promise to pay the *reasonable*

value of the services is implied.'" (Italics in original.) Quantum meruit recovery is thus justified where services were performed by a party at the request of another under circumstances in which compensation for such services would be expected. (*Earhart, supra,* 25 Cal.3d at p. 515.)

 Andersen established by his declaration the elements necessary for a quantum meruit recovery; it sets forth that appellant asked Andersen to "try her case," and describes the nature of the services he performed and the time he spent on the case. It is a reasonable inference from the record that appellant's request for legal services imported the understanding that Andersen would be paid for his work. And, finally, Andersen's failure to personally appear at the fee hearing ought not to preclude his recovery, since his declaration satisfactorily establishes his entitlement to such fees.

We conclude that the trial court erred in ruling that Andersen's failure to prove a retainer agreement defeated his claim to a pro rata share of the contingent fee.

The judgment on the order adjudicating attorney fees is reversed, and the case remanded to the trial court for a determination and distribution of attorney fees in accordance with the views expressed herein.[2]

Elkington, Acting P. J., and Holmdahl, J., concurred.

---

[2]Needless to say, our conclusion on the attorney fee issue carries with it an implicit rejection of respondents' claim that the present appeal is "frivolous."