[No. A026024. First Dist., Div. Three. Oct. 10, 1986.]

INEZ HANSEN et al., Plaintiffs and Respondents, v.
CARL E. JACOBSEN et al., Defendant;
BOSTWICK & ROWE, INC., et al., Claimants and Appellants.

INEZ HANSEN et al., Plaintiffs and Respondents v.
NORMA HAYWOOD et al., Defendants;
BOSTWICK & ROWE, INC., et al., Claimants and Appellants.

## COUNSEL

Bostwick & Rowe and Jeffrey D. Janoff for Claimants and Appellants.

No appearance for Plaintiffs and Respondents.

## OPINION

**BARRY-DEAL, J.**—Attorney Robert Burns Bostwick and the law firm of Bostwick and Rowe, Inc., appeal from orders striking their notices of lien on two prospective judgments. We reverse and hold that a discharged attorney may file notice of a contractual lien in a pending action.

### The Facts[1]

Inez Hansen and Hans Hansen (plaintiffs) were injured in an automobile accident on August 1, 1979. In June 1980, they retained the firm of Bostwick and Rowe, Inc. (claimants) and entered into a written contingency fee contract which provided, inter alia, that attorney's fees and costs advanced would be a lien on the future judgments. Claimants performed legal services for plaintiffs until March 1982, when plaintiffs substituted the firm of Thomson & Kilduff (Kilduff) as attorneys of record.

On March 25, 1983, claimants filed a "Notice of Lien" in the pending Hansen action and served a copy on plaintiffs, on Kilduff, and on opposing counsel. It stated, "PLEASE TAKE NOTICE that the Law Offices of Bostwick and Rowe, Inc. holds a lien in a sum yet to be ascertained against any judgment or settlement accruing to Plaintiff in the within action as security for payment of attorneys fees and costs incurred by plaintiff herein."

---

[1]Plaintiffs and respondents having failed to file a brief, we accept as true the facts as stated in claimants and appellants' opening brief, noting that in any event the facts appear to have been undisputed below. (Cal. Rules of Court, rule 17(b).)

On November 3, 1983, Kilduff noticed a motion to strike the "lien claim," arguing that the claim had never been "perfected," and that because there had been no determination of the amount due, if any, plaintiffs were being hampered in their negotiations aimed at settling the lawsuits. Kilduff further argued in his memorandum of points and authorities that Business and Professions Code sections 6200-6206 were enacted "for the purpose of providing an arbitration procedure wherein the fee claims of attorneys might be resolved. One of the goals of those provisions is to enable the client to have a determination of the fee dispute prior to the attorney proceeding in Court. In fact, B&P § 6201 provides, in part, the attorney must serve on the client a written notice of the client's right to arbitrate prior to proceeding to Court. Failure to give such a notice is grounds for dismissal of the attorney's action. . . . [P]laintiff was never served with a Notice of Client's Right to Arbitrate concerning the fee dispute with lien claimants. It is therefore clear that the lien claim filed herein should be stricken."[2]

Claimants, in their opposing memorandum, contended that under *Fracasse* v. *Brent* (1972) 6 Cal.3d 784, 792 [100 Cal.Rptr. 385, 494 P.2d 9], a discharged attorney's cause of action for fees under a contingency fee contract does not accrue until the happening of the contingency and that the statutory provisions for fee arbitration are inapplicable.

On December 9, 1983, the matter was submitted to the trial court on the above written memoranda, and the court granted the "motion to strike the claim of lien," stating, "The court believes that . . . an independent action for enforcement under the existing law [is required] . . . ." Claimants were represented at this hearing by Attorney Gerald Dimicelli.

A second attorney from claimant firm, Anthony Passaretti, was misinformed about the basis of the court's ruling, and was told that the court struck the notice of lien because of failure to comply with the arbitration statutes, that is, for failure to notify plaintiffs of the right to arbitrate. Therefore, claimants filed a second "Notice of Lien" on December 14, 1983, which differed from the first in that it stated a sum certain ($22,467.08)

---

[2]The pertinent provisions contained in Business and Professions Code sections 6200 and 6201 are:

Section 6200, subdivision (c): "(c) Arbitration under this article shall be voluntary for a client and shall be mandatory for an attorney if commenced by a client."

Section 6201, subdivision (a): "(a) . . . [An] attorney shall forward a written notice to the client prior to or at the time of service of summons in an action against the client for recovery of fees covered by the provisions of this article. The written notice shall . . . include a statement of the client's right to arbitration under this article. Failure to give this notice shall be a ground for the dismissal of the action. . . ."

The fee arbitration statute has no specific provisions relating to payment of fees to a discharged attorney whose client executed a contingent fee contract imposing a lien on the judgment.

based on an hourly rate for services and had attached to it a notice of client's right to arbitrate.

Kilduff again filed a motion to strike, arguing that the lien claim was previously stricken, that claimants had failed to proceed in an independent action in accordance with the prior ruling, and requesting sanctions pursuant to Code of Civil Procedure section 128.5. Claimants' memorandum in opposition again cited *Fracasse* v. *Brent, supra,* 6 Cal.3d 784, for the rule that their cause of action had not accrued and stated that they had complied with Business and Professions Code section 6201 by sending to the client a notice regarding arbitration.

Hearing was held on January 13, 1984. Attorney Passaretti explained why claimants believed their motion was important: "We notified them of a lien so that if the case were to be settled—and I understand there is a settlement conference today, that the money doesn't get handed over, and then . . . the money is gone, and then we have to come back into court and sue them again." Passaretti insisted that even though the fee arbitration statute was not applicable, claimants had complied with its requirement of notice regarding arbitration, and therefore the court should deny the motion to strike. He did not clarify whether he was referring to a lien or to a notice of lien. The court read the transcript of the previous hearing and determined that claimants' second motion was merely a rearguing of the first. The court then ruled that the motion "for reconsideration" was "untimely," and that the existing order would remain in effect. In addition, the court granted sanctions to Kilduff in the amount of $250 to be assessed against claimants. The court also orally granted Kilduff's motion to strike the second notice of lien. The clerk's minute order read ". . . Motion to Strike Lien is granted."

This appeal followed. The order is appealable. (See *Trimble* v. *Steinfeldt* (1986) 178 Cal.App.3d 646, 650 [224 Cal.Rptr. 195].)[3]

### Discussion

We have determined that the lack of clarity in claimants' moving papers and oral argument in failing to distinguish a "notice of lien" from a "lien," coupled with respondent's opposition to a "lien," misled the trial court on the nature of the issue before it. We perceive the issue presented below, and to us, as a narrow one: whether a previously discharged attorney who

---

[3]In February 1984, judgments in favor of plaintiff Inez Hansen and against three defendants were entered as follows: against Carl Jacobsen, $2,600; against Norma Haywood, $5,100, and against Kenneth Carlton, $3,400.

has a contractual lien on a prospective judgment may file a *notice* of lien in the pending action. We have found no published decision addressing the issue. However, to a great extent the law favoring attorneys' liens is well settled (see *Cetenko* v. *United California Bank* (1982) 30 Cal.3d 528 [179 Cal.Rptr. 902, 638 P.2d 1299, 34 A.L.R.4th 657]), and we find that an affirmative answer to our question follows from previous decisions in the area.

An attorney in this jurisdiction does not automatically have a lien upon the judgment for value of services rendered, but an equitable lien may be created by contract between the attorney and client. (*Del Conte Masonry Co.* v. *Lewis* (1971) 16 Cal.App.3d 678, 680 [94 Cal.Rptr. 439]; see 1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, § 143, p. 165.)[4]

In *Cetenko* the Supreme Court traced the statutory and decisional basis for upholding attorney liens on prospective judgments and giving them priority according to the time they were established. (*Cetenko* v. *United California Bank, supra,* 30 Cal.3d at p. 531.) "Section 2881 of the Civil Code declares that a lien may be created by contract, and section 2883 provides that an agreement may provide for a lien to be created as security for property to be acquired in the future. Section 2897 of the Civil Code states, '[o]ther things being equal, different liens upon the same property have priority according to the time of their creation.' . . .

"A lien in favor of an attorney upon the proceeds of a prospective judgment in favor of his [or her] client for legal services rendered has been recognized in numerous cases. Such a lien may be created either by express contract, as in the present case (*Haupt* v. *Charlie's Kosher Market* (1941) 17 Cal.2d 843, 846 [112 P.2d 627]; *Tracy* v. *Ringole* (1927) 87 Cal.App. 549, 551 [262 P. 73]; see *Isrin* v. *Superior Court* (1965) 63 Cal.2d 153, 157 [45 Cal.Rptr. 320, 403 P.2d 728]), or it may be implied if the retainer agreement between the lawyer and client indicates that the former is to look to the judgment for payment of his [or her] fee (*Bartlett* v. *Pacific Nat. Bank* (1952) 110 Cal.App.2d 683, 689 [244 P.2d 91]; *Wagner* v. *Sariotti* (1943) 56 Cal.App.2d 693, 697-698 [133 P.2d 430])."

Having entered into a contract creating such a lien, a client still has the absolute power and right to discharge the attorney at any time, with or without cause. (*Fracasse* v. *Brent, supra,* 6 Cal.3d 784, 790.) When discharge occurs, if a lien exists, it survives, but it is for quantum meruit, the

---

[4] The contractual creation of an attorney's lien does not require express use of the word "lien," and may be accomplished by an agreement indicating that the attorney is to look to the judgment as security for the fee. (*Gelfand, Greer, Popko & Miller* v. *Shivener* (1973) 30 Cal.App.3d 364, 371 [105 Cal.Rptr. 445].)

reasonable value of services rendered to the time of discharge, rather than for the full contract fee. (*Id.*, at pp. 790-791; see *Hendricks* v. *Sefton* (1960) 180 Cal.App.2d 526, 532 [4 Cal.Rptr. 218]; 1 Witkin, Cal. Procedure, *supra*, Attorneys, § 178, pp. 204-206.) If the ultimate recovery is insufficient to pay both the discharged and current attorneys, proportional recovery may be appropriate. (*Spires* v. *American Bus Lines* (1984) 158 Cal.App.3d 211, 216 [204 Cal.Rptr. 531].)

■ Because the discharged attorney is not a party to the pending action and may not intervene, the trial court has no jurisdiction to award fees to that attorney. Therefore, even though a contractual lien continues to be viable after discharge, a subsequent, independent action is required to establish the amount of the lien and to enforce it. (*Bandy* v. *Mt. Diablo Unified Sch. Dist.* (1976) 56 Cal.App.3d 230, 235 [126 Cal.Rptr. 890]; *Hendricks* v. *Superior Court* (1961) 197 Cal.App.2d 586, 588-589 [17 Cal.Rptr. 364]; see *Cetenko* v. *United California Bank, supra*, 30 Cal.3d 528; *Kroff* v. *Larson* (1985) 167 Cal.App.3d 857 [213 Cal.Rptr. 526].)[5]

■ Despite the requirement that the discharged attorney bring an independent action to establish the amount and enforce the lien, its priority is determined at the time it is created by the original contract. The *Cetenko* court held that this is true even if the attorney never files notice as a lien claimant. (*Cetenko* v. *United California Bank, supra*, 30 Cal.3d at pp. 532-536; Civ. Code, § 2897.)

The court found decisional basis for giving the lien priority in one of its 1941 opinions: "*Haupt* v. *Charlie's Kosher Market, supra*, 17 Cal.2d 843, is directly in point. That case involved the question of priority between an attorney's contractual lien for fees against a judgment, and the lien of a creditor by attachment. An attorney entered into a contingent fee contract with his client, providing for a fee of one-third of any funds recovered in the action, and a lien in that amount upon the judgment. This court held that the attorney's lien was created at the time of the contract, and had priority over attachments levied on the verdict and judgment by a creditor of the client. The reason for affording the attorney's lien priority was that it was first in time, and 'an attachment lien reaches only the interest of the debtor in the attached property and is therefore subject to prior equities against the debtor.' (17 Cal.2d at p. 846.) This holding is consistent with the few cases from other jurisdictions which have considered the question. [Citations.]" (*Cetenko* v. *United California Bank, supra*, 30 Cal.3d at p. 534.)

---

[5]The discharged attorney is not required to comply with the procedures set out in Business and Professions Code sections 6200-6206 for fee arbitration until his or her independent action to establish the amount of the fees is commenced.

In addressing an assertion that the attorney's lien constitutes an improper "'"secret lien,"'" the *Cetenko* court said, "We know of no authority, case law or statute, which *compels* an attorney to give notice to a client's creditors of a contractual lien on the judgment. In other jurisdictions where the matter has been considered, it has been held that the filing of a notice of lien by the attorney is *not necessary* to protect his [or her] security interest against a creditor who levies on the judgment [citation] or an assignee of the judgment [citation]." (*Id.,* at pp. 532-533, italics added.)

The question before us, then, is whether that which is neither "compel[led]" nor "necessary," according to the Supreme Court, is permissible.

In some jurisdictions, perfection of attorneys' liens by notice is governed by statute. (See Annot., Priority Between Attorney's Lien for Fees Against a Judgment and Lien of Creditor Against Same Judgment (1984) 34 A.L.R.4th 665, 676.) Our Legislature, in establishing the procedures for filing liens in pending actions, has not established a method for attorneys with contractual liens to do so. (See Code Civ. Proc., § 708.410; see generally, 8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, § 294, pp. 254-255.)

Nevertheless, it appears from passing references in several cases that attorneys have routinely filed notices of their contractual liens without having the propriety of the practice questioned. For example, in *Spires* v. *American Bus Lines, supra,* 158 Cal.App.3d 211, two former attorneys "filed" liens while the action was still pending (*id.,* at pp. 214, 215), and in *Hendricks* v. *Superior Court, supra,* 197 Cal.App.2d 586, the discharged attorney "filed in the personal injury action a notice of his lien on any recovery." (*Id.,* at p. 588.) (The Court of Appeal there held that under the independent action requirement the trial court erred in authorizing payment on the lien; it did not hold that filing the notice of lien was impermissible.)

In *Cetenko* v. *United California Bank, supra,* 30 Cal.3d 528, the Supreme Court noted, with apparent approval of the practice, that the discharged attorney had filed a "'Notice of Attorneys Lien'" in the pending action. (*Id.,* at p. 533, fn. 5 and accompanying text.) We find such general acceptance of the practice persuasive, despite the legislative void.

In the case at bench the trial court and counsel at times referred to appellants' filing a "lien" or "lien claim" rather than a *notice* of lien. The trial court's belief that the filing of a lien in the pending action was improper was correct. However, we hold that filing a notice of lien is permissible, and that the court below erred to the extent that it held otherwise.

We stress that our holding, in keeping with *Cetenko,* does not require the filing of a notice of lien and is not intended to disapprove a former attorney's giving informal written notice of his or her lien to the present attorney while the action is pending.

In *Cetenko* the Supreme Court held that an attorney's lien is entitled to priority and stated that a notice of lien need not be filed. ■ In keeping with the spirit of that decision, we hold that a previously discharged attorney may file a notice of lien in a pending action.[6]

The orders imposing sanctions of $250 and striking the notices of lien are reversed. Each party shall bear its own costs on appeal.

Scott, Acting P. J., and Merrill, J., concurred.

---

[6]Nothing we have said should be construed as determining the merits of claimants' lien herein. As noted above, we have taken as true the facts as they are represented to be by claimants. However, the questions of existence and amount of their lien, if any, are not before us.