Filed 7/9/14   Mojtahedi v. Vargas CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL M. MOJTAHEDI, | B248551 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. TC026549) |
| v. | |
| FERNANDO D. VARGAS, | |
| Defendant and Respondent. | |

APPEAL from judgment of the Superior Court of Los Angeles County, William Barry, Judge.  Affirmed.

Kazerouni Law Group, APC and S. Mohammad Reza Kazerouni for Plaintiff and Appellant.

Law Office of Lawrence M. Lebowsky and Lawrence M. Lebowsky for Defendant and Respondent.

_____

## INTRODUCTION

Plaintiff Michael M. Mojtahedi, the first of two attorneys to represent a pair of clients in a personal injury matter, appeals the trial court's judgment sustaining the demurrer to his second amended complaint without leave to amend. In the underlying matter, Plaintiff represented the clients until Defendant Fernando D. Vargas substituted in as new counsel. Defendant obtained a settlement payment for the clients, which he deposited in his client trust fund account. Plaintiff never brought an action against his former clients to establish the reasonable cost of his attorneys fees, and instead unsuccessfully demanded payment of attorneys fees from Defendant. Plaintiff subsequently sued Defendant on the theory that he was owed a portion of the settlement checks. The trial court sustained Defendant's demurrer to the second amended complaint because Plaintiff failed to establish the existence, amount, and enforceability of his attorneys fees lien in an independent action against the clients and thus could not allege damages in his pleading. We affirm for the same reasons.

## FACTS AND PROCEDURAL BACKGROUND

In February 2010, Vincente Ramirez Vera and Josefina Ramirez (collectively, the clients) hired Plaintiff and his firm to represent them in a dispute with a claims adjuster regarding personal injuries sustained in an automobile accident. The clients entered into a written attorney-client fee contract with Plaintiff's law firm, which included a provision allowing the firm to assert a lien against all claims or causes of action that were subject to Plaintiff's representation under the contract. Plaintiff represented the clients for about eight months. Defendant Fernando D. Vargas then contacted Plaintiff, advising him that he was substituting into the case as new counsel for the clients. Shortly thereafter, Plaintiff wrote to the claims adjuster, indicating that he had a lien for attorney's fees on future payments to the clients and requesting that any payment to the clients include Plaintiff as a payee.

Defendant settled the case in August 2011, and deposited the settlement checks into his client trust fund account. Each check was made out to the clients, Plaintiff's law office, and Defendant's law office as payees. When Plaintiff learned of the settlement payment, he sent a log of his time spent on the case and a letter to Defendant demanding $4,407 in attorney's fees to be paid to him from the $14,500 settlement amount. In response, Defendant offered Plaintiff $2,000 for his attorneys fees. Plaintiff refused that offer and brought the present suit against Defendant, the claims adjuster, and the two banks that issued and deposited the settlement checks for fraud, violation of Commercial Code sections 3110(d) and 3420, negligence, and tortuous interference with prospective economic advantage. Plaintiff never sued his former clients to establish the amount of his lien or that the lien was enforceable.

Defendant demurred to the second amended complaint on the grounds that Plaintiff did not have an enforceable lien because he never established the lien amount or its enforceability in a separate action against the clients. The trial court sustained Defendant's demurrer without leave to amend, relying on *Curtis v. Estate of Fagan* (2000) 82 Cal.App.4th 270, 278 (*Curtis*), *Valenta v. Regents of University of California* (1991) 231 Cal.App.3d 1465, 1470 (*Valenta*), *Hansen v. Jacobsen* (1986) 186 Cal.App.3d 350, 356 (*Hansen*), *Bandy v. Mt. Diablo Unified Sch. Dist.* (1976) 56 Cal.App.3d 230, 234 (*Bandy*), and *Hendricks v. Superior Court* (1961) 197 Cal.App.2d 586, 588-589 (*Hendricks*), all of which hold that a previously discharged attorney must file an independent action against his client in order to enforce a contractual attorneys fees lien.

## DISCUSSION

Plaintiff asserts that the court erred in sustaining the demurrer, arguing that he does not need to file an independent action against his client to enforce the lien and asserting that the trial court's ruling was contrary to case law and public policy. "On appeal from a judgment after a demurrer is sustained without leave to amend, we review the trial court's ruling de novo, exercising our independent judgment on whether the complaint states a cause of action." (*Lincoln Property Co., N.C., Inc. v. Travelers*

3

*Indemnity Co.* (2006) 137 Cal.App.4th 905, 911.) We treat the demurrer as admitting all properly pleaded facts and those that are judicially noticeable, but we do not assume the truth of contentions, deductions or conclusions of fact or law. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814; *Breneric Associates v. City of Del Mar* (1998) 69 Cal.App.4th 166 (*Breneric*).) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context, to determine whether the complaint states facts sufficient to constitute a cause of action." (*Breneric*, at p. 180.)

      1.     *Plaintiff Must Establish the Existence, Amount, and Enforceability of the Lien in an Independent Action Against His Clients in Order to Allege Damages*

At issue is whether Plaintiff can enforce an attorneys fees lien solely via an action against Defendant, who holds the settlement funds in his client trust account. Without an enforceable lien, Plaintiff has not alleged damages because he cannot prove that he has a right to a portion of the settlement money.

Unlike other liens, "an attorney's lien is not created by the mere fact that an attorney has performed services in a case." *Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1172 (*Carroll*). An attorney's lien is created only by an attorney fee contract with an express provision regarding the lien or by implication in a retainer agreement that provides the attorney will be paid for services rendered from the judgment itself. (*Ibid*.) It is well established that "[a]fter the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it." (*Brown v. Superior Court* (2004) 116 Cal.App.4th 320, 328 (*Brown*); accord, *Valenta, supra,* 231 Cal.App.3d at p. 1470; *Hansen, supra,* 186 Cal.App.3d at p. 356; *Bandy, supra,* 56 Cal.App.3d at p. 234; *Hendricks, supra,* 197 Cal.App.2d at p. 589.)

Here, Plaintiff alleges that he has a contract with terms that would create a lien. Nonetheless, Plaintiff failed to allege facts establishing that he adjudicated the existence, value, or enforceability of his lien. Plaintiff merely asserts that he has a "detailed log stating a lien amount of $4,407.00 based on pre-substitution time and costs expended." A log of Plaintiff's time, although useful to adjudicate the reasonable value of Plaintiff's

services in a separate action against the clients, is insufficient to establish that Plaintiff is entitled to a particular amount of the settlement money in his suit against Defendant. Plaintiff admits that he never brought a separate action against his clients to litigate those issues. Therefore, he cannot enforce his lien.

In asserting that he does not need to bring a separate action against the clients, Plaintiff attempts to distinguish his case from *Curtis*, *Valenta*, *Hansen*, *Bandy*, and *Hendricks*. Plaintiff states that unlike those cases, (1) Plaintiff has not filed a lien or a notice of lien in any pending action, (2) Plaintiff's former clients' personal injury matter has been resolved, and (3) Plaintiff's attempt to recover his lien is ripe. All of these differences are insignificant and fail to alter the applicability of the central principle conveyed by *Curtis*, *Valenta*, *Hansen*, *Bandy*, and *Hendricks*: the attorney's lien is only enforceable against other parties after the attorney adjudicates the value and enforceability of the lien in a separate action against his client. Plaintiff provided the services to the clients, not to Defendant. If successful in a declaratory relief action regarding the reasonable value of his services, Plaintiff's fees will be paid out of the clients' settlement proceeds. (*Hendricks, supra,* 197 Cal.App.2d at p. 589 ["An attorney's contingent fee contract . . . only gives him a lien on his client's recovery."].) Plaintiff must thus litigate with the clients to determine the reasonable cost of the services he provided to them. Plaintiff has skipped this essential step of establishing his entitlement to a particular portion of the settlement proceeds.

To the extent that Plaintiff distinguishes the present matter from the above-mentioned case law by asserting that there is no actual dispute between him and his clients regarding the amount owed to him, we conclude that even if this is true, it is irrelevant. The Court of Appeal addressed this identical issue in *Brown, supra*, 116 Cal.App.4th at pages 328-334. There, an attorney sought to establish the priority of his contractual attorneys fees lien over the lien of a judgment creditor. (*Id*. at pp. 323-324.) The *Brown* Court held that the attorney had to bring an independent action against his client to establish the enforceability and amount of his contractual lien, and could not simply intervene and address that issue in an action between the creditor and the client, to

5

which the attorney was not a party. (*Id*. at p. 324.) Notably, the attorney seeking to enforce his lien attempted to side-step the same case law and avoid suing his client by arguing that those cases involved a dispute between the attorney and the client, and in contrast, his case did not. There, the *Brown* Court stated that "[w]hile it may be true that *Carroll* and its predecessors involved attorney-client disputes, the rationale of those cases is not limited to such disputes." (*Id*. at p. 329.) Without first establishing a right to his client's settlement money, Plaintiff lacks any basis to assert that Defendant fraudulently withheld the money from him.

Plaintiff further argues that to require an attorney to institute an action against his former clients in order to enforce his lien would "have a chilling effect on attorney-client relationships." The Court of Appeal also explained why this was incorrect in *Brown, supra,* 116 Cal.App.4th at page 333. There, the attorney argued that requiring him to bring a separate action against his client to enforce the lien, when there was no conflict or dispute between him and the client regarding the fees, "would require him to violate the Rules of Professional Conduct and the Business and Professions Code and commit a tort because such an action would be 'without just cause.' " (*Ibid*.) The *Brown* Court explained that this was not so: "[b]y requiring [the attorney] to bring a separate action to enforce his lien, we do not mean to suggest that he must sue [his client] for breach of contract." (*Ibid*.) The Court stated that given the lack of any controversy between the attorney and client, a declaratory relief action under Code of Civil Procedure section 1060, seeking a declaration of the attorney's rights with respect to his client or to the judgment proceeds was appropriate. (*Ibid*.)

Likewise, by seeking a declaration regarding the reasonable value of his services rendered, Plaintiff addresses the issue without subjecting the clients to damages. Importantly, this procedure also gives the court an opportunity to evaluate the value and quantity of Plaintiff's services with the relevant parties: Plaintiff and the clients.

6

Despite case law requiring this separate declaratory relief action to be brought against the clients, Plaintiff has not sought such relief. Plaintiff therefore lacks an enforceable lien on the settlement money. Without an enforceable right to the settlement money, Plaintiff has not alleged sufficient facts to support a claim for damages.

Damages is an essential element of fraud, negligence, and tortuous interference with prospective economic advantage (Plaintiff's first, fourth, and fifth causes of action). (*See Gil v. Bank of America, N.A.* (2006) 138 Cal.App.4th 1371, 1381 ["The elements of fraud [include] resulting damage."]; *Melton v. Boustred* (2010) 183 Cal.App.4th 521, 529 ["The elements of a cause of action for negligence are duty, breach, causation, and damages."]; *Winchester Mystery House, LLC v. Global Asylum, Inc.* (2012) 210 Cal.App.4th 579, 596 ["The elements of a claim of interference with economic advantage and prospective economic advantage [include] economic harm to the plaintiff proximately caused by the acts of the defendant."].) Additionally, under Commercial Code section 3420, a "plaintiff may only recover for that portion of the instrument in which he has an interest." (*Stenseth v. Wells Fargo Bank* (1995) 41 Cal.App.4th 457, 466.) Plaintiff never adjudicated his interest in the settlement checks, so he cannot prove that he has any interest to recover in his action against Defendant. To the extent that Plaintiff attempts to assert a cause of action under Commercial Code section 3110(d), which identifies the person(s) to whom an instrument is payable, the same rationale applies. Because Plaintiff lacks an enforceable interest in the settlement check, he cannot recover any portion of the settlement money under the Commercial Code, with respect to his second and third causes of action.

Thus, Plaintiff has not alleged sufficient facts to prove damages, a critical element of each cause of action. We therefore affirm the trial court's order sustaining the demurrer to the second amended complaint.

2. *The Court Did Not Abuse Its Discretion in Denying Leave to Amend*

Lastly, we address the trial court's denial of leave to amend. "If we see a reasonable possibility that the plaintiff could cure the defect by amendment, then we conclude that the trial court abused its discretion in denying leave to amend. If we determine otherwise, then we conclude it did not." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) Plaintiff bears the burden of proving that there is a reasonable possibility he can cure the defect by amendment. (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.) To satisfy this burden, Plaintiff must show " ' "in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading" ' " by clearly stating not only the legal basis for the amendment, but also the factual allegations to sufficiently state a cause of action. (*Ibid*.)

In support of his argument for leave to amend, Plaintiff argues that he "has made sufficient allegations to support a prima facie case for each and every cause of action that is subject to this appeal" and that the second amended complaint was "a good faith effort by Appellant to plead his valid claim against [Defendant]." Plaintiff requests that "[i]f this Court believes the allegations against [Defendant] are not clear," he be given leave to amend the second amended complaint "in the interest of justice." Plaintiff makes no other substantive arguments with regard to this issue.

Failing to meet his burden, Plaintiff does not state how he would amend his complaint to allege sufficient facts to support a claim for damages. Rather, Plaintiff indicates that an amendment would clarify his allegations. The clarity of his allegations is not at issue. Short of a declaratory judgment regarding the reasonable value of his services in a separate action against his clients, Plaintiff lacks a right to claim any part of the settlement money and cannot allege damages. Because Plaintiff has not shown the manner in which he can amend his complaint and how that amendment would change the legal effect of his pleading, we affirm the trial court's denial of leave to amend.

8

## DISPOSITION

The judgment is affirmed.  Defendant Fernando D. Vargas is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.

We concur:


KLEIN, P. J.


ALDRICH, J.