[No. G002840. Fourth Dist., Div. Three. June 30, 1987.]

SUSAN CHRISTENSEN, as Trustee, etc., Plaintiff and Appellant, v. THE SUPERIOR COURT OF ORANGE COUNTY, Defendant and Respondent;
MICHELLE CHRISTENSEN, A Minor, etc., et al., Real Parties in Interest and Respondents.

COUNSEL

Jan Smith for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and David Epstein, Deputy County Counsel, for Defendant and Respondent.

No appearance for Real Parties in Interest and Respondents.

OPINION

WALLIN, Acting P. J.—The Orange County Superior Court, pursuant to a local policy, ordered Susan Christensen to deposit her children's compro-

mise funds in accounts without fixed maturity dates, to remain there until the children reach the age of majority. Christensen appeals the court's order and, necessarily, the local policy underlying it.[1]

## I

On April 22, 1984, the Christensen children sustained minor injuries in an automobile accident. Christensen and the driver of the other vehicle agreed to settle the children's claims.

Christensen petitioned the court for approval of the compromises. She also asked the court to excuse her from the local policy requiring minors' funds be deposited in accounts without fixed maturity dates. Instead she requested authorization to deposit the funds in two-year certificate of deposit accounts at an interest rate of 10.026 percent, as opposed to the 5.5 percent rate then available for a demand savings account.

At a hearing on June 4, 1985, the court approved the children's compromises, but denied Christensen's request to deposit the funds in two-year certificate of deposit accounts. The court suggested the funds be deposited in money market accounts with no maturity dates and offered additional time to investigate. Christensen, declining the offer, noted the current money market rate was only 7.5 percent. The court, pursuant to the local policy, then ordered the funds deposited in accounts without maturity dates until the children attain majority.

## II

A parent's compromise of a minor's disputed claim is valid only with court approval (Prob. Code, § 3500, subd. (b)), and disposition of the proceeds requires a court order (Prob. Code, § 3611). Probate Code section 3611 lists the court's options for ordering the money invested or delegating that task to another.[2]

---

[1] Christensen was appointed a trustee for the purpose of depositing the children's money in a financial institution. Probate Code section 1240, subdivision (k) (1980 amendment), provides for appealability of orders instructing trustees. Therefore, contrary to the superior court's position, its order is appealable. Effective July 1, 1987, a modification of that section deletes references to orders involving trusts. It has no impact on this appeal.

[2] All further references are to the Probate Code unless otherwise specified.

Section 3611 requires the court to "order any one or more of the following: [¶] (a) That a guardian ... be appointed .... [¶] (b) That the remaining balance of any money paid or to be paid be deposited in a bank in this state or in a trust company authorized to transact a trust business in this state or invested in an account in an insured savings and loan association or in shares of an insured credit union or in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court, and that the remaining balance of

Under subdivision (b) of section 3611, a court may order minors' compromise funds deposited in accounts in banks, insured savings and loan associations and other institutions. The statute places only one restriction on such accounts: The court's approval is needed before the funds may be withdrawn. (§ 3611, subd. (b).)

The Orange County Superior Court's local policy further restricts these deposits, permitting them to be made only in federally insured accounts without fixed maturity dates. The rule is intended to enforce the statutory prohibition against unauthorized withdrawal of the minor's funds. It evolved in response to the court's experience with parents who wrongfully withdrew their children's money when the accounts' fixed terms ended. "On a number of occasions, the Court became aware that the potential for defalcations is the depository's notification to the parent, as trustee, that the fixed-term period for the deposit was about to expire and requesting further instructions. Even though the accounts were blocked by court order, apparently in some instances unscrupulous parents are able to withdraw the funds at this time." (Declaration of Judge Robert C. Todd.)[3]

The superior court's local policy addresses a problem the Legislature presumably did not foresee. At the same time, the policy foils investment of the child's money in accounts with the best interest rates.

The superior court contends it has discretion under section 3611 to require funds be deposited only in open-ended accounts. It argues section 3611, read as a whole, reflects the public policy "of granting discretion to the court to issue such orders as are appropriate for protection of the minor against losses from defalcations and from improvident investments."

In only two instances does section 3611 expressly empower the court to determine the conditions under which the minor's property shall be held.

---

any other property delivered or to be delivered be held on such conditions as the court determines to be in the best interest of the minor . . . . [¶] (c) If the remaining balance of the money and other property . . . does not exceed twenty thousand dollars ($20,000) in value, that all or any part of the money and other property be held on such other conditions as the court in its discretion determines to be in the best interest of the minor. . . . [¶] (d) If the remaining balance of the money and other property . . . does not exceed . . . $5,000 . . . , that all or any part . . . be paid or delivered to a parent of the minor [in trust pursuant to section 3400]. [¶] (e) . . . [T]hat all or any part of the money and other property be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act . . . ."

[3] Judge Todd's declaration is contained in respondent superior court's brief; Christensen does not object to its filing.

Subdivision (b) contains a clause that nonmonetary ["any other"] property may be "held on such conditions as the court determines to be in the best interest of the minor . . . ." And subdivision (c) has a like "best interest" proviso for property under $20,000 in value.

In contrast, subdivision (b) does not expressly grant discretion to the court to impose conditions beyond those described in the statute on the deposit of a minor's money. Christensen contends this omission shows legislative intent to leave all other details to the discretion of the parent, as trustee.

We are reluctant to adopt her position. Absent a clear expression to the contrary, we must assume the court has some flexibility to achieve the purposes of the statute and to rectify a serious problem the Legislature did not contemplate. But the best interests of the minor must guide the court's discretion.

In deciding whether the superior court's local policy indeed serves the minor's best interest, an analogy can be drawn to the "prudent investor" standard to which a trustee is held in investing a beneficiary's funds. (See *Estate of Collins* (1977) 72 Cal.App.3d 663, 669 [139 Cal.Rptr. 644].) Under Civil Code section 2261, a trustee must prudently invest property in light of "the general economic conditions and the anticipated needs of the . . . beneficiaries . . . ." A trustee has a "general duty to maximize the trust assets consistent with safety and other relevant considerations." (*Conservatorship of Pelton* (1982) 132 Cal.App.3d 496, 501 [183 Cal.Rptr. 188].)

Here, the superior court's policy, although intended to safeguard the minor's property, severely restricts the child's investment return. The detriment can be substantial, especially considering the number of years a minor's funds may be invested. In her petition, Christensen calculated the loss to her daughter, on a deposit of $562.50 at 5.5 percent interest rather than 10.026 percent, to be $574.02 after 10 years. Funds deposited at money market rates would still earn less than on a certificate of deposit. The disadvantage would be even greater for larger deposits.[4]

Christensen wisely alerted the court to the inevitable losses her children would suffer, and suggested alternative ways to protect their money. One

---

[4] The loss could be avoided by depositing the funds in fixed-term accounts maturing at the child's majority. But in many cases this would be undesirable for other reasons. Lack of liquidity could bar the child's use of the money in an emergency, and the locked-in interest rate would prevent taking advantage of market conditions should rates rise.

possibility was a court order directing the financial institution to roll over the matured certificate of deposit automatically into the highest interest-bearing account then available. The court refused to consider the alternatives, declining to "change programs."

The court should at least have weighed Christensen's proposal. But beyond that, it is inappropriate for the superior court to follow a predetermined "program" for the disposition of minors' compromise funds, instead of deciding the issue on a case by cases basis.[5] Section 3611 specifies five possible dispositions a court may order, thereby encouraging the court to select from among the statutory alternatives the one best suited to the individual case.

Certainly the court has a duty to protect the minor's property from wrongful dissipation by a parent. But the need for doing so should be evaluated in each case and the method of safeguarding should be tailored to the circumstances.[6] Here, the court failed to take into account the small size of the compromises (net amounts of $562.50, $375 and $375) and Christensen's efforts to invest her children's funds responsibly. Rigid application of the local policy, without evaluating the particular circumstances, prevailing economic conditions, or alternative means of safeguarding does not serve the best interest of the minor and is therefore inconsistent with section 3611.

The order is reversed and remanded for reconsideration in light of our expressed views. On remand, the court should consider all dispositions permitted by section 3611, including ordering the property to be held by Christensen as guardian.[7] If the court decides deposit of the money is appropriate, it should consider Christensen's proposed alternatives for protecting it.

---

[5] Under Government Code section 68070, a court "may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." The rules and policies authorized under the section are generally ones of practice and procedure (see cases collected in 37 West's Ann. Gov. Code (1976 ed. and 1987 pocket supp.) foll. § 68070, pp. 6-8 and p. 2, resp.), and do not predetermine the substance of a judge's ruling.

[6] A minor is not without recourse if the funds are improperly withdrawn from a blocked account. An action would undoubtedly lie against the financial institution for negligently permitting the withdrawal in contravention of court order. (See *Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal. 3d 801 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].)

[7] Christensen did not petition the court to permit her to act as guardian of her children's estate, presumably because she was aware of the local policy requiring the funds' deposit.

## III

■ Christensen also requests attorney fees under the private attorney general theory codified in Code of Civil Procedure section 1021.5. That section authorizes the award of attorney fees to the successful party "in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (Code Civ. Proc., § 1021.5.)

Applying these criteria to our case, the first consideration is whether Christensen's action has vindicated an important right affecting the public interest. "[I]n determining the 'importance' of the particular 'vindicated' right, courts should generally realistically assess the significance of that right in terms of its relationship to the achievement of fundamental legislative goals. [Citation.]" (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 936 [154 Cal.Rptr. 503, 593 P.2d 200].) The Legislature, in enacting section 3611, sought to insure minor's compromise funds would be prudently invested. An adequate return is necessary to secure the minors' best interests. Christensen's action has served to promote this fundamental legislative goal.

Christensen's lawsuit also satisfies the second requirement of Code of Civil Procedure section 1021.5, under which the action must have conferred a "significant benefit" on "a large class of persons." Her action will benefit all Orange County minors who need court approval to dispose of their funds, and who seek to maximize their returns.

The third condition under section 1021.5 is that "the necessity and financial burden of private enforcement [be] such as to make the award appropriate." " 'An award ... is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff "out of proportion to his individual stake in the matter." [Citation.]' " (*Woodland Hills Residents Assn., Inc. v. City Council, supra,* 23 Cal.3d at p. 941.) While this action will enable the Christensen children to earn additional interest on their money, the amount is insufficient to justify the costs of the action. An award is therefore appropriate.[8]

---

[8] The final factor listed in Code of Civil Procedure section 1021.5 applies only where the action has resulted in a recovery for the plaintiff, and is therefore inapplicable to this case.

Having met the pertinent requirements under the private attorney general theory, Christensen is entitled to attorney fees. The matter is remanded to the trial court for determination of the amount.

Sonenshine, J., and Crosby, J., concurred.