[No. D019741. Fourth Dist., Div. One. Mar. 29, 1994.]

LEONARD GOLDBERG, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
STEVEN MARQUELL BANKHEAD et al., Real Parties in Interest.

**COUNSEL**

Lowell Robert Fuselier for Petitioner.

No appearance for Respondent.

Dennis B. Atchley for Real Parties in Interest.

**OPINION**

**WORK, Acting P. J.**—In this case, we are called upon to decide as a matter of first impression the scope of a Probate Code section 3601 order approving expenses on a minor's compromise. We conclude the statute gives the court

the power to decide reasonable expenses to be paid from the settlement, *not* the reasonable value of the services rendered to the minor.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Dr. Leonard Goldberg is a chiropractor who treated three minors, Steven, Celia and Liliana, for injuries sustained in a bus accident in January 1991. At the start of the treatment, the parents signed a contract[2] giving Dr. Goldberg a lien on any recovery, settlement or award equal in amount to the services rendered. The contract requires satisfaction of the bill, however, regardless of the outcome of any litigation.

In January 1992 the minors filed a personal injury action against Laidlaw Transit (Laidlaw) and were later represented in the suit by Attorney Dennis Atchley.[3] Meanwhile, Dr. Goldberg continued treating Liliana and Celia late into 1992, he was identified as an expert by Atchley on the December 1992 joint disposition conference report, and the medical bills were included on the exhibit list. The case settled in February 1993.

Before he could close the file, however, Atchley needed a court order approving the settlement. Accordingly, he filed petitions to compromise in which the guardians ad litem agreed to Atchley's 25 percent contingency fee as well as full charges for all hospitals, diagnosticians and practitioners except Dr. Goldberg.[4]

The court continued ruling on the petitions to compromise at Atchley's behest and requested a brief on whether there was "jurisdiction to bring Dr. Goldberg into court to defend his fees." Directing Atchley to prepare an order to show cause and have it served on the chiropractor, the court later calendared a hearing on an order to show cause why Dr. Goldberg's lien should not be reduced. No order to show cause was, however, signed by the court or served on Dr. Goldberg.

Dr. Goldberg specially appeared at the hearing to challenge the court's jurisdiction but did not otherwise participate in the proceedings. Atchley

---

[1]We take judicial notice of the superior court file in connection with the proceedings in this case.

[2]Each contract also purports to bear the signature of an attorney for the family.

[3]Atchley did not sign as attorney on any of the contracts with Dr. Goldberg.

[4]The petitions and Atchley's accompanying declarations stated the guardians ad litem intended to reduce Dr. Goldberg's bill from $3,712 to $2,800 for Steven, from $9,640 to $3,000 for Celia and from $8,828 to $3,420 for Liliana.

examined Dr. Curran, an orthopedic surgeon hired by defendant Laidlaw[5] who was extremely critical of the chiropractor's treatment and charges. Adopting the surgeon's figures in whole, the court issued an "Order re Payment of Fees Due Dr. Goldberg" stating the reasonable value of the treatment the chiropractor rendered to the minors for their injuries was $1,175 for Steven, $1,450 for Celia, and $1,308 for Liliana.

Dr. Goldberg appealed and, at our direction, later filed a petition for writ of mandate. The petition challenges the court's jurisdiction to adjudicate the amount of Dr. Goldberg's bills in a summary proceeding and asks us to vacate the order determining the reasonable value of his services. We issued an order to show cause.

### DISCUSSION

The question before us is the scope of Probate Code[6] section 3601. Section 3601 provides:

"(a) The court making the order . . . [approving a minor's compromise], as a part thereof, shall make a further order authorizing and directing that such reasonable expenses (medical or otherwise and including reimbursement to a parent, guardian, or conservator), costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor. . . .

"(b) The order required by subdivision (a) may be directed to the following:

"(1) A parent of the minor, the guardian ad litem, or the guardian of the estate of the minor . . . .

"(2) The payer of any money to be paid pursuant to the compromise, . . . for the benefit of the minor. . . ."

■ Focusing on subdivision (b) which allows the court to direct the order of payment to a parent, guardian or payor, Dr. Goldberg theorizes the Legislature never intended to apply the statute to other individuals, persons like himself who are not parties and provide services under a contract that is not being litigated. We disagree.

---

[5]The surgeon was hired by Laidlaw to perform an independent medical examination on Celia and testify at the underlying trial on the reasonableness and necessity of her treatment. He was identified as a defense expert on the December 1992 joint disposition conference report.

[6]All statutory references are to the Probate Code unless otherwise indicated.

The statute describes what the court may do, not simply where the order is directed. It bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it. The plain language of the statute permits the court to make an order authorizing "such reasonable expenses" as it "shall approve and allow" to be paid from the settlement proceeds going to the minor. (§ 3601, subd. (a).) Because medical expenses, costs and attorney fees are expressly included within the scope of the order, and these charges are generated by doctors, lawyers and other providers who are not parties to the action, we construe the statute as empowering the court to determine reasonable expenses to be paid to Dr. Goldberg from the settlement proceeds even though he was not a party.

We further reject the contention advanced by Dr. Goldberg at argument that the trial court has only two options—to approve all the expenses requested by providers or refuse the compromise. The theory finds no support in the language of the statute. To the contrary, the statute gives the court broad power to issue an order "authorizing and directing that such reasonable expenses . . . as the court . . . approve[s] or allow[s] . . . [to] be paid from the money" delivered for the benefit of the minor. (§ 3601, subd. (a).) To authorize such a payment, the court is obliged to decide both what is reasonable *and* how much it will allow. The breadth of the language and absence of any restrictions on the approval process suggest the court can make the determination any number of ways. Among other things, it may determine "reasonable" from the perspective of the total settlement and "allow" expenses by a reduction of all charges on a pro rata basis, by picking and choosing between expenses, or by some other variation.

Our interpretation is bolstered by the protective role the court generally assumes in cases involving minors, a role to assure that whatever is done is in the minor's best interests.[7] The court functions similarly in approving a minor's compromise where its primary concern is whether the compromise is sufficient to provide for the minor's injuries, care and treatment. (See Cal. Rules of Court, rules 241, 529.) A creditor who insists on 100 cents on the dollar may complain it is unfair to put the plaintiff's interests first but, when

[7]For example, the court may be called upon to decide whether a guardian ad litem is acting in the minor's best interests (Code Civ. Proc., §§ 372, 373; *Estate of Emery* (1962) 199 Cal.App.2d 22, 26, 30 [18 Cal.Rptr. 86]; *Estate of Lacy* (1975) 54 Cal.App.3d 172, 185 [126 Cal.Rptr. 432]); to impose conditions on how property will be held to ensure the disposition is in the minor's best interests (§ 3611; *Christensen* v. *Superior Court* (1987) 193 Cal.App.3d 139, 143 [239 Cal.Rptr. 143]); to approve a contract for attorney fees in a lawsuit on behalf of a minor, set fees where no contract was approved and/or reduce fees to a reasonable amount (Fam. Code, § 6602; *Estate of Muhammad* (1971) 16 Cal.App.3d 726 [94 Cal.Rptr. 856]).

the plaintiff is a minor, one who provides him with goods and services proceeds at his own risk. (*Niemann* v. *Deverich* (1950) 98 Cal.App.2d 787, 793 [221 P.2d 178].)

Nor are we persuaded by Dr. Goldberg's argument that a court cannot determine the right to liens on accounts receivable under contracts that are not being litigated. The court makes similar determinations on contracts not directly before it as a routine matter in civil actions, as it does in setting reasonable expert fees or awarding reasonable attorney fees to be paid by the opposing party. (Code Civ. Proc., §§ 998, 1021.4, 1021.5, 1021.7, 1021.9.) There is even greater reason for doing so in a case involving minors such as this. Hospitals and other health care providers regularly impose liens on any future recovery the patient may obtain, exposing the fund to unsatisfied claims. The court would rarely be in a position to approve a minor's compromise in a personal injury action without the ability to dispose of medical liens, since the court would not otherwise know what the minor is "netting" sufficient to satisfy itself that the settlement is likely to provide for the injuries. Thus, the court must have power over all claims against the minor's settlement if judicial approval of the compromise is to have any meaning.

Our conclusion that the court has authority to determine what expenses are paid out of the minors' settlement and what are not does not mean the court has jurisdiction to decide what Dr. Goldberg "deserves." Section 3601 expressly permits the court to decide what reasonable expenses it will allow to be paid from the minor's settlement. It does not permit the court to decide the reasonable value of a practitioner's services.

The reasonableness and propriety of the contract amount is another question entirely, a question that must be resolved by a separate action. It is not a matter to be decided under section 3601 and certainly not by the irregular mini-trial we saw in this case.[8] In short, section 3601 is exclusively concerned with allowing expenses to be paid from the minor's settlement. It has no effect on the claims Dr. Goldberg may have against the parents or lawyers under the contracts or otherwise.

---

[8]Apart from the absence of procedural niceties such as process and discovery among other things, we are troubled by a proceeding where minors' counsel switched sides to suit his own purposes. Atchley introduced the testimony of Dr. Curran, his adversary's expert, to impeach Dr. Goldberg, the expert whose testimony and charges Atchley identified on the joint disposition conference report and presumably would have offered had the case gone to trial.

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate the "Order re Payment of Fees Due Dr. Goldberg." Dr. Goldberg's appeal (D019357) will be dismissed by separate order.

Benke, J., and Huffman, J. concurred.