[No. G027300. Fourth Dist., Div. Three. Nov. 19, 2001.]

BLAKE PADILLA, a Minor, etc., et al., Plaintiffs, v.
LISA McCLELLAN et al., Defendants;
G. JOHN JANSEN, Claimant and Respondent;
CATHERINE M. OSIER, Objector and Appellant.

## COUNSEL

Law Offices of Jeffrey W. Doeringer and Jeffrey W. Doeringer for Objector and Appellant.

James M. Parsa & Associates and James M. Parsa for Claimant and Respondent.

No appearance for Plaintiffs or Defendants.

## OPINION

**RYLAARSDAM, J.**—Objector Catherine M. Osier appeals from an order allocating attorney fees as part of a minor's compromise. She contends the trial court had no jurisdiction to divide attorney fees between her and claimant G. John Jansen. She also maintains the court's allocation of fees was improper under a theory of quantum meruit in that claimant's services were of little or no benefit to the minor. The trial court did not err either in finding it had jurisdiction or in its fee allocation, and we affirm.

### FACTS

The parents of plaintiff Blake Padilla, a minor, executed a contingent fee agreement retaining claimant to file a personal injury action against defendants Derek and Lisa McClellan. The agreement was never approved by the court. A little more than one year later, the parents discharged claimant and retained objector, who substituted in as attorney of record. Claimant filed a notice of lien for attorney fees and costs. One month after objector commenced representation, the case settled at a mandatory settlement conference. When objector filed a petition to approve the minor's compromise, claimant filed a request for attorney fees.

At the hearing approving the compromise, the court ordered objector to deposit almost $72,000 in attorney fees in a blocked account. Subsequently, claimant filed a motion alternatively seeking an adjudication of the fee dispute or binding arbitration. Objector opposed the motion, arguing the court had no jurisdiction to hear the motion, and that claimant was required to file a separate action. The court found it had jurisdiction and set an evidentiary hearing. Both parties filed declarations and submitted documentary evidence that included descriptions of services provided and time spent on the minor's case. At the day-long evidentiary hearing, the court heard testimony and offers of proof. It ultimately awarded 70 percent of the fees to claimant and 30 percent to objector.

### DISCUSSION

*Jurisdiction*

Objector contends the court lacked jurisdiction to determine the value of services rendered by claimant, arguing a separate action is required. The court found it had jurisdiction under Probate Code section 3601 (all further statutory references are to this code unless otherwise stated) and Family Code section 6602. Section 3601, subdivision (a) provides that in

approving a minor's compromise, a court shall make an "order authorizing and directing that such reasonable expenses . . . , costs, and attorney's fees[]] as the court shall approve and allow . . . shall be paid from" the settlement proceeds. Family Code section 6602 directs the court to determine "the attorney's fees chargeable against the minor" in connection with a judgment in favor of a minor if the contract for attorney fees has not previously been approved. Because Family Code section 6602 refers to judgments, as opposed to the settlement at issue here, it does not apply. But we agree that the court had jurisdiction under section 3601.

In support of her argument that section 3601 requires a separate action, objector relies on *Goldberg v. Superior Court* (1994) 23 Cal.App.4th 1378 [28 Cal.Rptr.2d 613] (*Goldberg*). There, the guardians ad litem for three children contracted with Goldberg, a chiropractor, giving him a lien on the recovery, but agreeing to pay his fees regardless of the outcome of the case. At the hearing to approve a compromise, the guardians sought to reduce Goldberg's fees. Goldberg contested the court's jurisdiction to adjudicate his fees. Nonetheless, the trial court purported to determine the reasonable value of the fees as part of the order approving the settlement.

Division One of this district issued a writ of mandate directing the trial court to vacate the order. It construed section 3601 to empower the court to determine and authorize payment of reasonable expenses to Goldberg, even though he was not a party to the action. (*Goldberg, supra,* 23 Cal.App.4th at p. 1382.) But our colleagues concluded that such power did not give the court jurisdiction to decide what a claimant "deserves," i.e., "the reasonable value of a practitioner's services." (*Id.,* at p. 1383.) Instead, it held "[t]he reasonableness and propriety of the contract amount is another question entirely" and must be decided in a separate action. (*Ibid.*) "In short, section 3601 is exclusively concerned with allowing expenses to be paid from the minor's settlement. It has no effect on the claims . . . against the parents or lawyers under the contracts or otherwise." (*Ibid.*)

Factually *Goldberg* is easily distinguished. The chiropractor's right to fees was unrelated to the amount of any settlement or judgment the minor might obtain. Assume a serious injury where the reasonable value of medical services rendered is $100,000 and the physician files a lien in the case. Because liability is unlikely, the minor's case is settled for $10,000. In approving the settlement, the court could order all or a portion of the settlement proceeds be paid to the physician. However, this does not limit the physician's contractual right to the balance of fees due. No interpretation of section 3601 would empower the court to eliminate this contractual right. Determination of those additional fees necessitates a separate action.

But in cases such as the present one, where the lawyer's entitlement to fees is contingent on the outcome of the case, there is no right to fees in excess of what the court may allocate as part of the settlement. Under section 3601, subdivision (a), the court has "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money . . . ." (*Goldberg, supra,* 23 Cal.App.4th at p. 1382.) Once that decision is made, the lawyers have no further claims and nothing more to litigate. Hence, no separate action is required. Objector's argument, then, is not supported by *Goldberg.*

In addition to *Goldberg,* objector cites a line of cases that hold a lien for attorney fees cannot be decided in the main action because the attorney is not a party to that action. (*Law Offices of Stanley J. Bell v. Shine, Browne & Diamond* (1995) 36 Cal.App.4th 1011 [43 Cal.Rptr.2d 717] (*Bell*); *Valenta v. Regents of University of California* (1991) 231 Cal.App.3d 1465, 1470 [282 Cal.Rptr. 812]; *Hansen v. Jacobsen* (1986) 186 Cal.App.3d 350, 356 [230 Cal.Rptr. 580]; *Bandy v. Mt. Diablo Unified Sch. Dist.* (1976) 56 Cal.App.3d 230, 234 [126 Cal.Rptr. 890]; *Hendricks v. Superior Court* (1961) 197 Cal.App.2d 586, 588-589 [17 Cal.Rptr. 364].) In *Curtis v. Estate of Fagan* (2000) 82 Cal.App.4th 270 [98 Cal.Rptr.2d 84], our colleagues in Division Two examined this issue and the rule articulated in the *Bell* line of cases and concluded no independent action was necessary to divide attorney fees between former and current counsel. There, as here, the minor's present attorney filed a petition for compromise, seeking attorney fees and costs; former counsel filed a lien claiming fees under a theory of quantum meruit. Current counsel argued that the court had no jurisdiction to divide fees. The trial court disagreed and divided fees between the two attorneys.

On appeal, the court held attorney fees could be divided in the main action, eliminating the need for a separate action. (*Curtis v. Estate of Fagan, supra,* 82 Cal.App.4th at p. 279.) In so doing, it determined *Bell, supra,* 36 Cal.App.4th 1011, and its predecessors misinterpreted section 3601, leading to an absurd result not intended by the Legislature. (*Curtis, supra,* at p. 279.) It found the language of the section unambiguous in its requirement that the court "make a further order authorizing and directing that such reasonable expenses . . . , costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the [minor's settlement]." (§ 3601, subd. (a); *Curtis, supra,* 82 Cal.App.4th at pp. 276-277.) To approve those items, the court necessarily must determine the validity of the claims or liens, including "the reasonable amount of fees which will be allowed." (*Curtis,* at p. 277.)

*Curtis* also observed that when reviewing the court's jurisdiction to consider a claim for attorney fees, the nature of the action dictates the result.

Where, as here, the claim is part of a minor's compromise and there are multiple claims for attorney fees, section 3601, subdivision (a), which empowers the court to authorize payment of attorney fees and costs, requires the court to "decide the validity of each claim." (*Curtis v. Estate of Fagan, supra,* 82 Cal.App.4th at p. 279.) To make such a decision, the court must consider evidence and calculate the reasonable amount to pay each attorney. (*Ibid.*) There is no reason to require an independent action.

We concur with the holding in *Curtis,* finding it well reasoned and more persuasive than *Bell* and its antecedents. For that reason, we decline to follow those earlier decisions. The court had jurisdiction to determine the allocation of fees between claimant and objector.

*Adequacy of Procedures Employed*

■ In addition to her reliance on the cases noted above, objector argues a separate trial is necessary to provide for "procedural niceties such as process and discovery . . . ." (*Goldberg, supra,* 23 Cal.App.4th at p. 1383, fn. 8.) It should not be decided, she maintains, by what *Goldberg* describes as an "irregular mini-trial." (*Id.* at p. 1383.) The hearing in this case did not at all resemble the proceeding in *Goldberg.*

The *Goldberg* "mini-trial" consisted of the testimony of one witness, the opposing party's medical expert, who was extremely critical of Goldberg's treatment and charges. Goldberg objected to the court's exercise of jurisdiction and appeared specially only to challenge it. He did not otherwise participate. The court awarded fees based entirely on the amounts suggested by the opposition's expert.

In the instant case, the court allowed both parties to file declarations and conducted an evidentiary hearing, which spanned an entire day, during which the parties presented testimony and offers of proof. Objector had the opportunity to call additional witnesses, including claimant, and to provide any additional evidence, but chose not to do so. She asserts the trial court deprived her of discovery that would have been available in a separate action, but when pressed, could not specify what information she was unable to obtain or how she had been prejudiced.

Moreover, courts determine the reasonableness of attorney fees every day by ruling on motions. (See Code Civ. Proc., § 1033.5, subd. (c)(5).) In those hearings, the court has before it evidence in the form of declarations only, not live testimony, and detailed billing records are not required to support an award. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 558-559 [227

Cal.Rptr. 354].) These hearings are usually short, not lasting an entire day as was the case here. Trial courts are afforded wide discretion to determine the amount of attorney fees within that framework. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [95 Cal.Rptr.2d 198, 997 P.2d 511].)

We cannot discern any harm arising from the nature of the hearing conducted by the court, nor can we conceive of any benefit to objector had the division of fees been decided in a separate action. On the other hand, filing a separate action potentially engages the minor and the guardian in another lawsuit, delays resolution of the issue, and wastes everyone's resources.

*Allocation of Attorney Fees*

██ Having found the court had jurisdiction to award claimant his attorney fees, we now consider objector's contention that the court divided the fees incorrectly.

██ The amount of attorney fees to be awarded is within the court's sound discretion, taking into account the type and difficulty of the matter, counsel's skill vis-à-vis the skill required to handle the case, counsel's age and experience, the time and attention counsel gave to the case, and the outcome. (*Contractors Labor Pool, Inc. v. Westway Contractors, Inc.* (1997) 53 Cal.App.4th 152, 168 [61 Cal.Rptr.2d 715].) An experienced trial judge is best qualified to decide the value of an attorney's services in a given matter, and on appeal we will not reverse that decision unless it is clearly wrong. (*11382 Beach Partnership v. Libaw* (1999) 70 Cal.App.4th 212, 220 [82 Cal.Rptr.2d 533].) ██ We are not persuaded the trial court abused its discretion in its apportionment of the fees.

Objector properly asserts quantum meruit as the standard for calculating the amount of the award. It is her suggested application that is erroneous. Objector argues claimant is entitled to no more than 20 percent of the fees because his "services had little or no value . . . while [objector's] services were extremely valuable." (Emphasis omitted.) She further contends the court failed to consider whether claimant's services had any value to plaintiff, but instead improperly used a "mechanical application" based on hours. We disagree.

Objector concludes her aggressive approach resulted in a settlement while claimant did nothing to resolve the case. In response, the judge, "a defense lawyer for 30 years," took judicial notice of the fact that "a large percentage of significant . . . cases settle on the courthouse steps, at or after the

mandatory [settlement conference], after the trial even commences. And . . . the fact that a case of substantial magnitude [as] this doesn't settle on the first demand is not surprising, particularly if there was a lot of discovery." It was consistent with the court's experience that defendants often make a settlement offer just before or at the mandatory settlement conference. The judge believed defendants had intended to make an offer, even before objector entered the case.

The court found it was "obligated in allocating the fee between the lawyers . . . to look and see what services were rendered to [minor] . . ." and had "to look at the amount of time that was spent on a case," not just the ultimate result. It pointed out claimant had conducted a substantial amount of discovery and "did a lot of things in this case," finding the work had value. "[I]f I put it all upon when the offer was made, every lawyer who does 99 percent of the work could be eliminated by a lawyer who comes in at the last second, gets an offer, settles the case, and takes the entire fee. That's not contemplated by any of the cases."

The record reflects the court reviewed all of the evidence and considered the factors necessary to determine attorney fees (*Contractors Labor Pool, Inc. v. Westway Contractors, Inc., supra,* 53 Cal.App.4th at p. 168) to reach the conclusion that the "good settlement" of the case was "a result of the actions of both attorneys . . . ." The division of fees based on time and result was a proper exercise of the court's discretion.

Objector also challenges the award on the ground that claimant violated ethical standards and rules of professional conduct, thereby negating any right to recover fees. The court found the alleged violations had nothing to do with the value of claimant's services to the minor, and we see nothing in the record to the contrary.

### DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.