
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KENNETH BRUCE TISHGART and LORI ANNE TISHGART, <br><br> Debtors, <br> ――――――――――――――――― <br> KENNETH BRUCE TISHGART and LORI ANNE TISHGART, <br><br> Appellants, <br><br> v. <br><br> TIMOTHY W. HOFFMAN, <br><br> Appellee. | No. 12-60088 <br><br> BAP No. 12-1160 <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Markell, Bankruptcy Judges, Presiding

Submitted February 9, 2015[**]
San Francisco California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

―――――――――――――

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Debtors Kenneth and Lori Tishgart ("Debtors") appeal the judgment of the Bankruptcy Court awarding $69,837.90 to the bankruptcy Trustee as the bankruptcy estate's interest in contingency fees received by Tishgart from his law practice.

**1.** The bankruptcy court did not abuse its discretion in denying Debtors' motion to withdraw their deemed admissions. Debtors have not supplied a transcript of the hearing at which the court gave its reasons for denying the motion, as was their duty on appeal. Fed. R. Bankr. P. 8009(a)(1),(4); 9th Cir. B.A.P. R. 8009-1. Without "transcripts necessary for adequate review," summary affirmance is appropriate. 9th Cir. B.A.P. R. 8009-1; *In re Morrissey*, 349 F.3d 1187, 1190-91 (9th Cir. 2003). Moreover, the court did not rely on the admissions in concluding that Tishgart completed about half the work on the relevant cases post-petition, so any error in denying relief from the admissions was harmless.

**2.** The bankruptcy court did not legally err or otherwise abuse its discretion in awarding roughly half the contingency fees to the Trustee. The reasonable value of services provided as of the time the bankruptcy petition was filed is a *quantum meruit* determination. *Fracasse v. Brent*, 6 Cal. 3d 784, 786, 788 (1972). Tishgart's theory, that the value of pre-petition services is exclusively calculated by multiplying the number of hours worked by an hourly rate, has been explicitly

2

rejected in California, particularly in the context of contingency fee arrangements. *See Cazares v. Saenz*, 208 Cal. App. 3d 279, 286-87 (1989). The court properly identified the legal standard as a fair and reasonable division that accounts for both the total fees recovered and the proportion of hours worked pre-petition. *In re Jess*, 169 F.3d 1204, 1208 & n.4 (9th Cir. 1999). In the absence of documentation to support Tishgart's claims as to the number of hours he worked pre- and post-petition on each case, and given the tension between much of his testimony and other evidence in the record, the court was within its discretion to reject Tishgart's testimony as not credible, and instead to estimate the number of pre-petition hours worked, and thus the estate's interest, by reference to the date each case was commenced. *Padilla v. McClellan*, 93 Cal. App. 4th 1100, 1107 (2001).

**3.** The bankruptcy court did not fail to make requisite findings of fact and conclusions of law. The court adequately explained its findings and conclusions in a memorandum issued with the judgment.

The Bankruptcy Court's judgment is AFFIRMED.