WARD LAW, Circuit Judge,
dissenting:
I respectfully disagree with the majority’s holding that a federal court may exercise jurisdiction over Goncalves’s motion to expunge the Blues’ lien, and I would affirm the district court’s order remanding the motion to the California Superior Court. We need not even reach the complicated question whether the action was properly removed under the Federal Officer Removal Statute. Whether or not it was, the “prior exclusive jurisdiction” doctrine bars the exercise of federal jurisdiction here.
I.
To understand the proceedings in this case—and why they implicate the prior exclusive jurisdiction doctrine—it is necessary to understand the State of California’s framework for approving the settlement of a minor’s legal claim. I discuss that framework first, and then describe the proceedings in this case in the California and federal courts.

A. California’s Requirements for Settling a Minor’s Legal Claim.

To protect the interests of minors, California courts are required to approve the settlement of a minor’s legal claim, as well as the payment of any expenses out of the settlement proceeds. See Cal. Civ. Proc. Code § 372; Cal. Prob. Code §§ 3500(b), 3600-05, 3610-13; Cal. Rules of Court 7.950-7.955. After the parties have reached an agreement to settle, a California Superior Court must conduct a “liability analysis” to “determine if [the] settlement is reasonable.” Espericueta v. Shewry, 164 Cal.App.4th 615, 627, 79 Cal.Rptr.3d 517 (2008). If it is, the court must then determine what “reasonable expenses” should be paid out of the settlement proceeds. *1257 Cal. Prob. Code § 3601. This includes determining how much money should be paid to parties asserting liens on the settlement funds. See Goldberg v. Superior Court, 23 Cal.App.4th 1378, 1383, 28 Cal.Rptr.2d 613 (1994). The court has “broad power” to determine which parties should be paid and how much they should be paid. Id. at 1382, 28 Cal.Rptr.2d 613. After it has made its determination, the court enters an order “authorizing and directing” disbursement of the funds. Cal. Prob. Code § 3601.
Though that is all a court is required to do during the settlement approval process, it may also take additional steps to administer the funds. For example, a court may order that the settlement funds be deposited in an insured account, id. § 3602(c)(1), used to purchase an annuity, id., or delivered to a custodian, id. § 3602(c)(2). The court may also order the transfer of the funds into a “special needs trust”—a unique form of trust for disabled minors. Id. §§ 3602(d), 3604(a)(1); see also 14 B.E. Witkin et al., Summary of California Law: Wills § 1072 (10th ed. 2005).

B. The Settlement Approval Proceedings in Goncalves’s Medical Malpractice Case.

In 2011, Goncalves filed a medical malpractice action in the Superior Court of California, County of San Diego, against Rady Children’s Hospital and three other defendants.[1] Register of Actions at 1, Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011).
In 2014, Goncalves reached settlement agreements with the three non-Rady Children’s Hospital defendants. Id. at 114, 117-19, 121, 124, 137, 142. The San Diego Superior Court found the settlements reasonable and approved them. Id. at 121. Pursuant to its settlement-approval powers, the court ordered a payment of fees to Goncalves’s attorney. Petition to Approve Compromise of Claim at 7 (Register of Actions 156), Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011). In addition, it ordered that $492,501.69 of the settlement funds be held in trust by Goncalves’s attorney. Id. Att. 13b(5). It did so because various nonparties, including the Blues, had asserted liens on Goncalves’s settlement proceeds (the “Lien Litigation”), and the amounts that would be paid on the liens had not yet been resolved. Id.
In 2015, Goncalves reached an agreement to settle his claim against Rady Children’s Hospital for $800,000. Order Approving Compromise of Claim at 2 (Register of Actions 159), Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011). The San Diego Superior Court approved the settlement. Id. at 4. It then took a number of additional administrative steps. It directed a payment to Gonealves’s attorneys for fees and expenses. Id. at 2. It ordered that a portion of the funds be placed in a special needs trust, and that another portion be used to purchase an annuity. Id. Att. 7c2b; Petition to Approve Compromise of Claim, supra, at 9. Further, the court ordered Gon-calves’s attorney to hold $39,351.82 of the funds “until the resolution of the Lien litigation”; that money was in addition to $420,131.75 still remaining in the trust account. Order Approving Compromise of Claim, supra, at 2. Goncalves’s attorney *1258 agreed to release the funds only if “expressly authorized by th[e] court.” Petition to Approve Compromise of Claim, supra, at 10. Any funds remaining after the lien payments were made would be “transferred to the special needs trust.” Id.
After the San Diego Superior Court had disbursed the funds from the first three settlements and directed a portion into the trust account—but before the settlement with Rady Children’s Hospital—Goncalves filed a motion with the court requesting that it expunge the lien asserted by the Blues. The court scheduled a hearing on the motion. Minute Order (Register of Actions 140), Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011). Before it could determine whether the Blues would be paid on their lien, and to what extent, the Blues removed the motion to federal court. Gon-calves nevertheless proceeded in state court to settle his remaining claim against .Rady Children’s Hospital and resolve other liens asserted on his settlement proceeds. The San Diego Superior Court also disbursed the additional funds from the final settlement and ordered that some be placed in the trust account. The San Diego Superior Court continues to exercise jurisdiction over the case so that it can issue future orders regarding the Blues’ lien and the remaining funds in the trust account. Application for an Order Setting Aside Dismissal (ROA 166), Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011); Minute Order (ROA 168), Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011).
II.
The prior exclusive jurisdiction doctrine is a “mandatory” limitation on federal jurisdiction. Chapman v. Deutsche Bank Nat’l Tr. Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting State Eng’r v. S. Fork Band of Te-Maok Tribe of W. Shoshone Indians, 339 F.3d 804, 810 (9th Cir. 2003)). A federal court may not exercise control over property that is already under the control of a state court. Id. at 1043-44. In other words, it may not hear an in rem or quasi in rem action involving property that is part of an in rem or quasi in rem action in state court. Id. To determine whether the prior exclusive jurisdiction doctrine applies, we must determine the nature of the relevant state and federal actions. If they are both in rem or quasi in rem, and if the state court was the first to assert jurisdiction over the property, then the federal court may not proceed. Id.
What matters for our inquiry is whether the state and federal actions are either in rem or quasi in rem, rather than in per-sonam. We need not make the narrower distinction between in rem and quasi in rem. As the Supreme Court has explained, an action is at least quasi in rem where, “to give effect to its jurisdiction, [a] court must control the property.” United States v. Bank of N.Y. & Tr. Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1936). Put another way, an action is at least quasi in rem where “it is the [parties’] interests] in the property that serve[] as the basis of the jurisdiction.” State Eng’r, 339 F.3d at 811 (alterations in original) (quoting Black’s Law Dictionary 1245 (6th ed. 1990)). The relief sought in a quasi in rem or in rem action is possession of specific property. See Bank of N.Y., 296 U.S. at 478, 56 S.Ct. 343.
If an action is not in rem or quasi in rem, then it is in personam. An in person-am action is one brought against a defendant personally that does not require the court to control property. See id. at 478, 56 S.Ct. 343. The relief sought in an in per-sonam action is' a judgment that “can be enforced against all the property of the *1259 judgment-debtor.” Action, Black’s Law Dictionary (10th ed. 2014) (emphasis added).
We do not rely on “formalistic distinction[s]” when labeling an action in rem, quasi in rem, or in personam. State Eng’r, 339 F.3d at 810. Rather, we “look behind the form of the action” to determine the “nature” of the case. Id. at 810-11 (internal quotation marks omitted). For example, even if an action appears on the face of the complaint to be in personam, we may nevertheless find that it is in rem or quasi in rem. Id.
State Engineer provides an example of the proper analysis. That case involved contempt proceedings that had been removed to federal court. Id. at 808. Nevada initiated the proceedings against the defendant for allegedly failing to comply with a court decree allocating water rights in the Humboldt River. Id. A contempt action is “brought only ‘against the defendants personally’ ” and is typically styled as an in personam action. Id. at 810-11 (alteration in original) (quoting Black’s Law Dictionary 1245 (6th ed. 1990)). However, we concluded in State Engineer that even though the action was styled as an in personam proceeding, that “formalistic distinction made not the least bit difference.” Id. We looked “behind the form of the action to the gravamen of [the] complaint and the nature of the right sued on.” Id. at 810 (internal quotation marks omitted). We concluded that there could be no serious dispute that Nevada had brought the contempt action to, in effect, force compliance with the decree over a res—the Humboldt River. Id. at 811. We therefore held that the action was quasi in rem, because the federal court could not hear the case without displacing the state court as the adjudicator of water rights in the Humboldt River. Id.) see also Bank of N.Y., 296 U.S. at 478, 56 S.Ct. 343 (finding that an action was at least quasi in rem where it could not be adjudicated “without disturbing the control of the state court” over property).
III.
The settlement approval proceedings in California Superior Court are, at minimum, quasi in rem. Goncalves settled with all of the medical malpractice defendants and the Superior Court approved the settlements. See Register of Actions, supra, at 121, 159. Consequently, the defendants paid out the settlement funds, triggering the Superior Court’s duty to disburse the money appropriately.
The Superior Court has exercised significant control over the settlement funds, rendering the settlement approval proceedings at least quasi in rem. At stake in those proceedings is not a personal judgment against any party; rather, the court is adjudicating various parties’ rights to the settlement proceeds. The court has ordered payment to Goncalves’s attorneys for fees and expenses. It has ordered the purchase of an annuity and that a portion of the funds be transferred into a special needs trust. Further, it directed almost $500,000 into a client trust account pending resolution of nonparty lien claims. Moreover, the court continues to exercise jurisdiction over the remaining funds in that account. Goncalves’s attorney cannot distribute the funds without the court’s permission.
The majority makes much of the fact that the remaining settlement funds that could be distributed to the Blues are being held by Goncalves’s attorney rather than by the Superior Court itself. But the Supreme Court has explained that an action can be quasi in rem even when the property has not been “actually seized under judicial process.” Bank of N.Y., 296 U.S. at 477, 56 S.Ct. 343. Indeed, the Court has found proceedings to be quasi in rem *1260 where funds were being held by a trust company pending direction from the court. Id. at 476-77, 56 S.Ct. 343. Goncalves’s attorney is holding almost $500,000 in a trust account waiting for the San Diego Superior Court’s orders to disburse the funds and to whom. Therefore, it is the Superior Court that effectively controls the funds. The majority’s argument is at odds with precedent as well as the functional analysis required by the prior exclusive jurisdiction doctrine. Further, it is at odds with the Blues’ litigation position— the Blues recognized in district court that the settlement funds constitute a “res that’s currently in [the San Diego Superior Court’s] possession.”
Contrary to the majority’s assertion, see Maj. Op. 1255, the San Diego Superior Court exercised control over Goncalves’s settlement funds before the Blues removed the lien-expungement motion to federal court. The state court obtained jurisdiction over the settlement proceeds when it approved the initial three settlements on April 9, 2014 and began disbursing funds. Register of Actions, supra, at 121. The Blues removed the lien-expungement action to federal court on July 28, 2014. A portion of the funds from the initial settlements were deposited into the trust account held by Goncalves’s attorney and continue to remain there, pending direction from the San Diego Superior Court.
IV.
The lien-expungement motion removed by the Blues is quasi in rem. The action arose during the San Diego Superior Court’s administration of Goncalves’s settlement funds. The court was required by state law to determine which parties would be paid out of the settlement proceeds, and how much, and accordingly, to order payment. See Cal. Prob. Code § 3601. Before the court could order any payments to the Blues, however, Goncalves moved to expunge the Blues’ lien. In his motion, Gon-calves invoked the court’s jurisdiction under California Probate Code § 3601, which grants the court the duty to approve and order expenses. Motion for an Order Expunging Blue Cross/Blue Shield’s Lien at 3-4, Goncalves v. Rady Children’s Hospital San Diego, No. 37-2011-00085051-CU-MM-CTL (Cal. Super. Ct. filed 2011). The Blues then removed the motion to federal court.
The jurisdictional basis of the removed motion is the San Diego Superior Court’s power to control the settlement funds and to order payment of expenses. Goncalves explained in his motion that he filed it in San Diego Superior Court specifically because of that court’s control over his settlement funds under California Probate Code § 3601. Therefore, adjudicating the removed motion would necessarily require the federal court to control the settlement funds. What Goncalves sought—and what the Blues oppose—is an order directing payment of the remaining settlement funds to Goncalves’s trust instead of the Blues.
The majority appears to construe the removed action as one for declaratory relief. It asserts that the Blues want only a declaration of their rights in the settlement funds. But the Blues never even filed a declaratory relief action. Rather, they removed a motion from state court concerning the disbursal of Goncalves’s settlement funds. Therefore, looking to “the gravamen” of the motion and the “nature of the right sued on,” State Eng’r, 339 F.3d at 810, the motion is for lien enforcement and not for declaratory relief, contrary to the majority’s characterization. And actions for lien enforcement are in rem. See Cent. Bank v. Superior Court, 30 Cal. App.3d 913, 917, 106 Cal.Rptr. 696 (1973) (“An action to foreclose a mechanics’ lien ... is an in rem action ....”). We cannot recharacterize the removed action simply *1261 because “[t]he Blues contend” in their briefing that all they want from the district- court is “a rights determination.” See Maj. Op. at 1255-56 n. 5.
V.
Goncalves’s settlement funds form the basis of both the state and federal actions. Therefore, both actions are at least quasi in rem. Under the prior exclusive jurisdiction doctrine, only the court that first asserted jurisdiction over the property may proceed. The San Diego Superior Court was the first court to exercise jurisdiction over Goncalves’s settlement funds. Therefore, it should be the only court to proceed.
I respectfully dissent.

. Many of the facts in this section come from state-court documents that were not included in the parties’ original excerpts of record. However, ”[i]t is well established that we may take judicial notice of judicial proceedings in other courts,” and the majority should have done so here. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014); see also Fed. R. Evid. 201(b)-(d).